FILED
United States Court of Appeals
Tenth Circuit

June 11, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GLEN D. YADON,

     Plaintiff - Appellant,

v.

CHRIS HILTON; JASON BACON;
SHAWN WAGNER, Council Grove
Police Officers,

     Defendants - Appellees,

and

CITY OF COUNCIL GROVE;
CYNTHIA ENGLE, Mayor, Council
Grove; JOHN STONE, Council Grove
Chief of Police,

     Defendants.

No. 13-3026
(D.C. No. 5:11-CV-04164-RDR)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Plaintiff-Appellant Glen D. Yadon filed this 42 U.S.C. § 1983 action pro se alleging that Defendants-Appellees, three Council Grove police officers, violated his Fourth Amendment right to be free from excessive force during an arrest for disorderly conduct. Defendants moved for summary judgment on the basis of qualified immunity and improper service of process. The district court agreed that Defendants were entitled to qualified immunity, finding it unnecessary to decide whether Defendants were properly served. Yadon v. Hilton, No. 11-4164-RDR, 2013 WL 160445, at *6 (D. Kan. Jan. 15, 2013). Mr. Yadon timely appeals, arguing that he was entitled to a trial by jury and that the officers deprived him of his Fourth Amendment rights and acted outside their jurisdiction. Aplt. Br. 3–4. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

The parties are familiar with the facts, and we need not repeat them here. See Yadon, 2013 WL 160445, at *2–3. We review a grant of summary judgment on qualified immunity grounds de novo, applying the same standard as the district court. Becker v. Bateman, 709 F.3d 1019, 1022 (10th Cir. 2013). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view the evidence and draw reasonable inferences in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"When a defendant asserts qualified immunity at summary judgment, the burden shifts to the plaintiff to show that: (1) the defendant violated a constitutional right and (2) the constitutional right was clearly established." Becker, 709 F.3d at 1022 (quotation omitted).  The court has discretion to address either prong first.  Pearson v. Callahan, 555 U.S. 223, 236 (2009).

The district court noted that Mr. Yadon was unable to identify "specific conduct . . . which constitutes excessive force pursuant to the analytical framework of the Graham decision."  Yadon, 2013 WL 160445, at *6.  Under Graham, we ask "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation."  Graham v. Connor, 490 U.S. 386, 397 (1989).  We consider: (1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to flee.  Id. at 396.

For similar reasons as the district court, we conclude that the officers' conduct did not constitute excessive force.  Although the first and second Graham factors weigh in favor of Mr. Yadon, the third factor—whether a defendant is actively resisting arrest—weighs in favor of the officers.  When the officers told Mr. Yadon that he was under arrest for disorderly conduct, Mr. Yadon refused to place his hands behind his back and instead hurried to his illegally parked van.  R. 45.  Once there, Mr. Yadon physically struggled with the officers as they

- 3 -

attempted to arrest him.  Id.  This behavior justified the officers' use of force which unfortunately resulted in injuries to Mr. Yadon who was diagnosed with contusions and abrasions about the face and arms, a sprained elbow, and two non-displaced rib fractures.  R. 117–18; see Mecham v. Frazier, 500 F.3d 1200, 1204–05 (10th Cir. 2007); Hinton v. City of Elwood, 997 F.2d 774, 781 (10th Cir. 1993).

Finally, to the extent Mr. Yadon argues that he has difficulty hearing and could not hear the officers' commands, see R. 46, 64, 96, qualified immunity views events "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."  Graham, 490 U.S. at 396.  At the time in question, a reasonable officer probably would not have been aware of this problem, and thus, would be justified in concluding that Mr. Yadon was resisting arrest.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge